IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DONTA E. VICKERS, | § | |
| | § | No. 415, 2022 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below–Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 1308012233A (S) |
| Appellee. | § | |

Submitted: January 25, 2023
Decided: April 10, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **ORDER**

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1)     The appellant, Donta E. Vickers, filed this appeal from the Superior Court's denial of his motion for correction of illegal sentence. The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Vickers' opening brief that his appeal is without merit. We agree and affirm.

(2)     Following a two-day trial in 2014, a Superior Court jury found Vickers guilty of second-degree assault (as a lesser-included offense of first-degree assault), attempted first-degree robbery, home invasion, second-degree conspiracy, and three counts of possession of a firearm during the commission of a felony (PFDCF).

Before sentencing, the State filed a motion to have Vickers declared a habitual offender under then-extant 11 *Del. C.* § 4214(b) and sentenced accordingly for the attempted first-degree robbery, the home invasion, and the three PFDCF convictions. The Superior Court granted the motion and sentenced Vickers to five life terms and twelve years of imprisonment. We affirmed Vickers' convictions and sentence on direct appeal.[1]

(3) In August 2022, Vickers filed a motion for correction of illegal sentence. The Superior Court denied Vickers' motion, finding that the sentence was reasonable, appropriate, and lawful. This appeal followed.

(4) We review the denial of a motion for correction of illegal sentence for abuse of discretion.[2] To the extent a claim involves a question of law, we review the claim *de novo*.[3] A motion to correct an illegal sentence may be filed at any time.[4] A sentence is illegal if it exceeds statutory limits, violates the Double Jeopardy Clause, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is

---

[1] *Vickers v. State*, 117 A.3d 516 (Del. 2015). Notably, Vickers challenged his habitual-offender status at sentencing and on appeal.

[2] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).

[3] *Id.*

[4] Del. Super. Ct. Crim. R. 35(a).

uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[5]

(5)    In his opening brief on appeal, Vickers argues, as he did below, that the General Assembly did not intend for a defendant to be sentenced as a habitual offender more than once for a set of felony convictions arising out of a single criminal episode.  But the cases to which Vickers cite stand for the proposition that a defendant must be given the chance for rehabilitation between his underlying convictions before they may be used to enhance his sentence under Section 4214.[6] Contrary to Vickers' reasoning, we find it evident that the legislature intended for a defendant who is found eligible for sentencing under Section 4214 to be subject to the imposition of an enhanced penalty for each felony that forms the basis of the State's habitual-offender petition.[7]

---

[5] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

[6] *See, e.g., Buckingham v. State*, 482 A.2d 327, 330-331 (Del. 1984) ("Under the [habitual-offender] statute…, three separate convictions are required, each successive to the other, with some chance for rehabilitation after each sentencing, before the extreme penalty of life imprisonment may be brought to bear.").

[7] *See Reeder v. State*, 2001 WL 355732, at *3 (Del. Mar. 26, 2001) ("Each separate … conviction requires a separate sentence.  Because of this, the State has the discretion to seek habitual offender status for each count or none."); *Perkins v. State*, 2010 WL 618024, at *1 (Del. Feb. 22, 2010) (rejecting the argument that a defendant could only receive an enhanced sentence under Section 4214 for one of his convictions; a defendant found eligible for habitual-offender sentencing under Section 4214 is subject to the imposition of an enhanced penalty for each count that the State enumerates in its petition). *Cf. Kirby v. State*, 1998 WL 184492, at *2 (Del. Apr. 13, 1998) (the Superior Court may not sentence a defendant as a habitual offender for any greater number of convictions than those identified by the State in its petition).

(6) Finally, because Vickers failed to argue to the Superior Court in the first instance that his sentence violates the Eighth Amendment, we review his claim for plain error.[8] There is no plain error here: proportionality review under the Eighth Amendment is restricted to the "rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality."[9] Vickers' multiple life sentences for violent felony convictions—home invasion, attempted first-degree robbery, and three convictions of PFDCF—do not lead to an inference of gross disproportionality.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm be GRANTED and the judgment of the Superior Court be AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[8] Del. Supr. Ct. R. 8 ("Only questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider and determine any question not so presented.").

[9] *Crosby v. State*, 824 A.2d 894, 906 (Del. 2003) (internal quotation marks and citation omitted).